IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT NATHON WEHMHOEFER, | § | |
| TDCJ #795907, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3140 |
| | § | |
| JOHN F. KITCHEL, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Scott Nathon Wehmhoefer is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Wehmhoefer has filed a "Complaint on a Promissory Note." Wehmhoefer is *pro se* and, because he has not paid the filing fee, he proceeds *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

## I.    BACKGROUND

Wehmhoefer is presently incarcerated at TDCJ's Darrington Unit in Rosharon, Texas. He sues an individual named John F. Kitchel of "The Colony, Texas." Wehmhoefer accuses Kitchel and other unnamed parties of forging his name and stealing annual checks issued to Wehmhoefer by a relative, James L. Wehmhoefer, who reportedly resides in New York. According to Wehmhoefer, these check vary in amount from $500,000 to $10 million each

year. Wehmhoefer advises in a separate motion that this Court could contact "Interpol" to discover the account number from which these checks issue.

Wehmhoefer seeks compensatory damages for the original amount of the checks stolen by Kitchel. Wehmhoefer also requests a criminal investigation and prosecution of Kitchel for the stolen checks. The Court concludes, however, that Wehmhoefer's complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

## III.  DISCUSSION

The Court has reviewed the complaint and concludes that the allegations referenced in the pleadings appear factually frivolous because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court concludes that the incoherent, rambling allegations contained in Wehmhoefer's pleadings are irrational, wholly incredible, and therefore frivolous. *See Denton*, *supra*, 504 U.S. at 32-33. Alternative reasons exist which require dismissal in this case.

The substance of Wehmhoefer's claims have been rejected already in other claims failed by him previously in this district. *See Wehmhoefer v. Kitchel*, Civil Action No. H-05-2072 (S.D. Tex.) (dismissed as frivolous); and *Wehmhoefer v. Kitchel*, Civil Action No. H-05-2516 (S.D. Tex.) (dismissed as legally baseless). A complaint is considered "malicious"

for purposes of the PLRA if it duplicates allegations made in another pending federal lawsuit by the same plaintiff. *See Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993) (per curiam). Because Wehmhoefer's claims mimic those raised in other suits brought by him within this district, maintenance of the instant action would be redundant and an impermissible waste of judicial resources. *See Mayfield v. Collins*, 918 F.2d 560, 561-62 (5th Cir. 1990). Therefore, the Court concludes that his complaint is subject to dismissal as malicious under 28 U.S.C. § 1915(e)(2)(B)(i). *See, e.g., Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) (duplicative claims may be dismissed *sua sponte* under the PLRA).

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The TDCJ-ID Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Scott Nathon Wehmhoefer (TDCJ #795907) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

2. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), as frivolous and malicious.

3. The plaintiff's motion to contact Interpol (Docket Entry No. 2) is **DENIED**.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **September 19, 2005.**

Nancy F. Atlas
United States District Judge